[603 NYS2d 741]

In the Matter of WILLIAM J. WERNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1993

## APPEARANCES OF COUNSEL

*Hal R. Lieberman* for petitioner.

*William J. Werner,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent William J. Werner was admitted to the practice of law in New York by the First Judicial Department on December 15, 1958. He now seeks an order pursuant to 22

NYCRR 603.11 permitting him to resign in the face of allegations of misconduct currently being investigated by the petitioner Departmental Disciplinary Committee (DDC).

The DDC served the respondent with a petition seeking an order finding him guilty of professional misconduct based on the doctrine of collateral estoppel. The petition alleged that the respondent was named as a defendant in two Federal securities fraud litigations, both of which resulted in plaintiffs' verdicts against him on the ground that he engaged in securities fraud and common-law fraud.

The rules of this Court (22 NYCRR 603.11 [a]) provide that an attorney under investigation may resign if he states that such resignation is freely and voluntarily rendered, not resulting from coercion or duress, and that he is fully aware of the implications of such action. He must also admit his awareness of any pending investigation into allegations of misconduct, and acknowledge that if formal charges were to be predicated upon such allegations, he would be unable to defend himself successfully on the merits.

The respondent has submitted an affidavit which satisfies these requirements and requests that his resignation be made effective January 10, 1994, although he will have ceased to practice law on or before June 18, 1993. He maintains that he will cooperate fully with the DDC in its prosecution of a companion case. The petitioner supports the respondent's request for permission to resign effective January 10, 1994.

Accordingly, the respondent's resignation should be accepted and his name should be stricken from the roll of attorneys authorized to practice law in this State, effective January 10, 1994.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and ROSS, JJ., concur.

Respondent's resignation from practice as an attorney and counselor-at-law in the State of New York is accepted and filed and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 10, 1994.